IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Alexander Bernard Wilson, Jr., | C/A No. 5:16-3910-JFA |
| Petitioner, | |
| v. | **ORDER** |
| Warden, Kirkland Correctional Institution, | |
| Respondent. | |

### I.    Introduction

Alexander Bernard Wilson, Jr. ("Wilson") filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at Kirkland Correctional Institution of the South Carolina Department of Corrections. Wilson alleges that his Constitutional rights have been violated due to ineffective assistance of counsel during his murder trial in South Carolina state court. (ECF No. 1). Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(C) (D.S.C.), this matter was referred to the Magistrate Judge.

According to the Rules Governing Section 2254 Cases in the United States District Courts, the Magistrate Judge thoroughly examined Wilson's petition to determine if, when liberally construed, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." SECT 2254 Rule 4.

The Magistrate Judge assigned to this action[1] then prepared a thorough Report and Recommendation ("Report") and opines that this court should dismiss Wilson's petition without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo

prejudice for failure to exhaust his state remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Wilson was advised of his right to object to the Report, which was entered on the docket on February 28, 2017. (ECF No. 21). Wilson filed objections to the Report on March 20, 2017. (ECF No. 25). Thus this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II.     Discussion

Wilson asserts a single objection to the Report in which he states that the exhaustion doctrine is satisfied in South Carolina if the case has been presented one time in the South Carolina Court of Appeals or the South Carolina Supreme Court. (ECF No. 25 p. 2). Wilson avers that he gave South Carolina "one completed round to resolve any constitutional issues" and his appeal was dismissed by the South Carolina Courts. *Id.*

---

determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Despite Wilson's contentions, he has failed to fully exhaust his state court remedies. A habeas petitioner in state custody generally must exhaust his state court remedies before submitting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b); *Longworth v. Ozmint*, 377 F.3d 437, 447 (4th Cir. 2004). Therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process-which includes petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Longworth,* at 448. (internal quotations omitted). This "discretionary review" includes application for Post-Conviction Relief ("PCR") and the subsequent appellate review of that application.

Here, Wilson has stated that his petition for PCR is currently pending in the South Carolina State Court system. (ECF No. 1-3 p. 2–3). As such, he has failed to exhaust the remedies available in the state courts. Consequently, any petition for a writ of habeas corpus is premature at this time. Accordingly, Wilson's petition must be dismissed.

### III. Conclusion

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation, and dismisses the petition without prejudice.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack*

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

March 21, 2017                               Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

---

*v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

4